UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RECURLY, INC.,

              Plaintiff,

    v.

SIMPLER TRADING, LLC,

            Defendant.

Case No.  23-cv-00845-JSC

**PRETRIAL ORDER NO. 1**

Following the Initial Case Management Conference held on July 20, 2023, IT IS ORDERED:

**I.     CASE MANAGEMENT SCHEDULE**

| | |
|---|---|
| Deadline to File Stipulated Protective Order and Stipulated ESI Order: | August 10, 2023 |
| Deadline to Move to Amend Pleadings: | December 7, 2023 |
| Fact Discovery Cut-Off: | February 5, 2024 |
| Expert Witness Disclosures: | February 5, 2024 |
| Rebuttal Expert Witness Disclosures: | February 19, 2024 |
| Expert Discovery Cutoff: | March 11, 2024 |
| Deadline for Filing Dispositive Motions: | April 25, 2024 |
| Deadline for Hearing Dispositive Motions: | June 20, 2024 |

The parties are referred to the Court's ADR program for a mediation to occur by September 29, 2023 or as soon thereafter as is convenient to the assigned mediator. A further Case Management Conference is scheduled for November 30, 2024 at 1:30 p.m. via Zoom video. An updated Joint Case Management Conference Statement is due November 22, 2024.  The Court

will be particularly interested in whether a referral for a magistrate judge settlement conference could be productive and the timing of the conference.

## II.    DISCOVERY DEADLINES

All depositions must be noticed at least 30 days before the close of fact discovery. Any discovery-related letter briefs or motions are due one week after the close of fact discovery. The same rules apply to expert discovery. *See* N.D. Cal. Civ. L.R. 37-3.

## III.    TRIAL DATE

A.    Jury trial will begin on September 30, 2024, at 8:30 a.m., in Courtroom 8, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, California.

B.    The Court is expecting the length of the trial to not exceed five court days.

## IV.    PRETRIAL CONFERENCE

A Final Pretrial Conference shall be held on September 19, 2023, at 2:00 p.m., in Courtroom 8, 19th Floor. Lead trial counsel for each party shall attend.

A.    At least seven days prior to date of the Final Pretrial Conference the parties shall do the following:

1.    In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer in person, and then prepare and file a jointly signed Proposed Final Pretrial Order that contains: (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (e) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition), including, for all such witnesses (other than party plaintiffs or defendants), a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. For each witness, state an hour/minute time estimate for the direct examination (only). Items (d) and (e) should be submitted as appendices to the proposed order. The proposed order should also state which issues, if any, are for the Court to decide, rather than the jury.

United States District Court
Northern District of California

United States District Court
Northern District of California

2.      File a joint set of proposed instructions on substantive issues of law arranged in a logical sequence. If undisputed, an instruction shall be identified as "Stipulated Instruction No. _____ Re _____," with the blanks filled in as appropriate. If disputed, each version of the instruction shall be inserted together, back to back, in their logical place in the overall sequence. Each such disputed instruction shall be identified as, for example, "Disputed Instruction No. _____ Re _____ Offered by _____," with the blanks filled in as appropriate. All disputed versions of the same basic instruction shall bear the same number. Any modifications to a form instruction must be plainly identified. If a party does not have a counter version and simply contends that no such instruction in any version should be given, then that party should so state (and explain why) on a separate page inserted in lieu of an alternate version. With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.

3.      File a separate memorandum of law in support of each party's disputed instructions, if any, organized by instruction number.

4.      File a joint set of proposed voir dire questions supplemented as necessary by separate requests.

5.      File trial briefs on any controlling issues of law.

6.      File proposed verdict forms, joint or separate.

7.      File and serve any objections to exhibits.

8.      File a joint simplified Statement of the Case to be read to the jury during voir dire as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one page.

B.      Any motions in limine shall be submitted as follows: at least twenty (20) calendar days before the conference, the moving party shall serve, but not file, the opening brief. At least ten (10) calendar days before the conference, the responding party shall serve the opposition. There will be no reply. When the oppositions are received, the moving party should collate the

1  motion and the opposition together, back-to-back, and then file the paired sets at least seven (7)

2  calendar days before the conference. Each motion should be presented in a separate memorandum

3  and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." Each

4  party is limited to bringing five motions in limine. The parties are encouraged to stipulate where

5  possible, for example, as to the exclusion of witnesses from the courtroom. Each motion should

6  address a single, separate topic, and contain no more than seven pages of briefing per side.

7        C.     Hard-copy courtesy copies of the above documents shall be delivered by NOON

8  the day after filing. The Joint Proposed Final Pretrial Order, jury instructions, and verdict form

9  shall also be submitted via e-mail as Word attachments to jsc_settlement@cand.uscourts.gov. The

10  Court requests that all hard-copy submissions be three-hole-punched.

**V.  PRETRIAL ARRANGEMENTS**

12        A.     Should a daily transcript and/or real-time reporting be desired, the parties shall

13  make arrangements with Kristen Melen, Supervisor of the Court Reporting Services, at

14  (415) 522-2079, at least ten (10) calendar days prior to the trial date.

15        B.     During trial, counsel may wish to use overhead projectors, laser-disk/computer

16  graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all

17  counsel to the maximum extent possible. The Court provides no equipment other than an easel.

18  The United States Marshal requires a court order to allow equipment into the courthouse. For

19  electronic equipment, parties should be prepared to maintain the equipment or have a technician

20  handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may

21  work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

22                                         **SCHEDULING**

23  Trial will be conducted from 8:30 a.m. to 2:30 or 3:00 p.m., depending on the availability

24  of witnesses, Monday through Friday. Counsel must arrive by 8:15 a.m., or earlier as needed, for

25  any matters to be heard out of the presence of the jury.  The jury will be called at 8:30 a.m.

26                                         **THE JURY**

27  The Jury Office asks prospective jurors to complete an online jury questionnaire in

28  advance of their summons date.  The standard questionnaire available on the Northern District's

*United States District Court*
*Northern District of California*

4

1   website at http://www.cand.uscourts.gov/wp-content/uploads/attorneys/Internet-version_Standard-

2   CAND-Trial_SurveyMonkey_3-2022.pdf.  The parties are allowed to add 10 case specific

3   questions to the questionnaire.  The parties shall meet and confer, and to the extent possible, file a

4   joint list of proposed questions to add to the questionnaire.  To the extent that the parties cannot

5   agree, they may submit separate proposed questions from which the Court will choose 10.  The

6   parties joint or separate submissions are due 21 days before trial.  The Court will provide the

7   parties with the survey responses the Friday before trial.

8        In civil cases, there are no alternate jurors and the jury is selected as follows: Eighteen to

9   twenty jurors are called to fill the jury box and the row in front of the bar, and are given numbers

10  (1 through 20). The remaining potential jurors will be seated in the public benches. Hardship

11  excuses will usually be considered at this point. Counsel may conduct a limited voir dire.

12  Challenges for cause will then be addressed out of the presence of the potential jurors. The Court

13  will consider whether to fill in the seats of the stricken jurors. If so, questions will be asked of the

14  additional jurors and cause motions as to them will be considered. After a short recess, each side

15  may exercise its allotment of peremptory challenges out of the presence of the potential jurors.

16  The eight (or such other size as will constitute the jury) surviving the challenge process with the

17  lowest numbers become the final jury. If more (or fewer) than eight jurors are to be seated, then

18  the starting number will be adjusted. So too if more than a total of six peremptories are allowed.

19  Once the jury selection is completed, the jurors' names will be read again and they will be seated

20  in the jury box and sworn. The Court may alter this procedure in its discretion and after

21  consultation with the parties.

**WITNESSES**

23       At the close of each trial day, all counsel shall exchange a list of witnesses for the

24  next two full court days and the exhibits that will be used during direct examination (other than

25  for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall

26  provide any objections to such exhibits and shall provide a list of all exhibits to be used with the

27  same witness on cross-examination (other than for impeachment). The first notice shall be

28  exchanged prior to the first day of trial. All such notices shall be provided in writing.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBITS**

A.      Prior to the Final Pretrial Conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

B.      Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

C.      The exhibit tag shall be in the following form:

> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
>
> **TRIAL EXHIBIT 100**
>
> Case No. _____
>
> Date Entered _____
>
> By_____
>        Deputy Clerk

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying), but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels

should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders should be marked as "Original." Deposit the exhibits with the deputy clerk seven (7) days before the Pretrial Conference.

D.      Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

E.      The parties shall provide the Court with one official set of the record exhibits seven (7) days before the Pretrial Conference. Each exhibit must be separated with a label divider identifying the exhibit number. Spine labels should indicate the numbers of the exhibits that are in the binders.  At trial, the parties shall provide individual witness exhibit binders which contain all the exhibits the parties expect to use with the witness. The parties shall provide two copies of each witness binder: one for the witness and one for the Court.

F.      Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order.

G.      Exhibit notebooks for the jury will not be permitted without prior permission from the Court. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances. It is permissible to highlight, circle or underscore in the enlargements as long as it is clear that it was not on the original.

## CHARGING CONFERENCE

As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence, the Court will provide a draft final charge to the parties. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial. If, however, a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in order to give the Court a fair opportunity to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

**IT IS SO ORDERED**.

Dated:  July 21, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge